**In re RUSSELL CAVE COMPANY, INC., f/k/a, The J. Peterman Company, Debtor.**

**No. 99-50142.**

United States Bankruptcy Court, E.D. Kentucky, Lexington Division.

May 24, 2000.

---

Gregory D. Pavey, Lexington, Kentucky, for debtor.

Lawrence T. Burick, Dayton, Ohio, for Monarch Marking Systems, Inc.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Chief Judge.

This matter is before the Court on the Response of creditor Monarch Marking Systems, Inc. ("Monarch") to the debtor's Second Omnibus Objection to Claims, and the debtor's Reply. Monarch contends that it is entitled to an administrative expense in the amount of $8,010.89 arising out of post-petition shipments of goods under a pre-petition contract with the debtor. The debtor's objection to this claim is based on Monarch's failure to timely reclaim the goods pursuant to 11 U.S.C. § 546 and its inability to satisfy the requirements of 11 U.S.C. § 503 because its claims are based on a pre-petition contract.

Monarch represents that pre-petition it entered into agreements with the debtor whereby it would supply custom-made labels for agreed-upon prices, consistent with the parties' ordinary course of dealing. On January 26, 1999, January 27, 1999, and February 11, 1999, Monarch shipped certain labels to the debtor, the debtor having filed its Chapter 11 petition in this Court on January 25, 1999. The debtor accepted delivery of the labels and did not cause them to be returned to Monarch. Monarch billed the debtor $8,010.89 for the labels, and maintains that this amount constitutes an administrative expense which is actual and necessary and which benefitted the debtor's estate. Monarch cites neither statutory nor case law in support of its position.

■ The debtor points out that Monarch could have made a claim for an administrative expense under 11 U.S.C. § 546, if it had attempted to reclaim its goods thereunder. This section provides in pertinent part:

(c) Except as provided in subsection (d) of this section, the rights and powers of a trustee under sections 544(a), 545, 547, and 549 of this title are subject to any statutory or common-law right of a seller of goods that has sold goods to the debtor, in the ordinary course of such seller's business, to reclaim such goods if the debtor has received such goods while insolvent, but—

(1) such a seller may not reclaim any such goods unless such seller demands in writing reclamation of such goods—

(A) before 10 days after receipt of such goods by the debtor; or

(B) if such 10–day period expires after the commencement of the case, before 20 days after receipt of such goods by the debtor; and

(2) the court may deny reclamation to a seller with such a right of reclamation that has made such a demand only if the court—

(A) grants the claim of such a seller priority as a claim of a kind specified in section 503(b) of this title;

There is no evidence that Monarch ever attempted to reclaim its goods, however, and it is now too late to do so. This avenue is therefore unavailable. As stated by the court in *In re K Chemical Corp.,* 188 B.R. 89, at 97 (Bkrtcy.D.Conn.1995), "the plain language of Section 546(c)(2) permits the granting of an administrative claim only upon the *Court's* denial of reclamation to a creditor *who has made a reclamation demand."*

■ The debtor further contends that Monarch cannot meet the requirements of § 503(b) because it relies on a pre-petition contract. That section allows an administrative expense for "the actual, necessary costs and expenses of preserving the estate, including wages, salaries or commissions for services rendered after the commencement of the case." The court in *In*

re *Sunarhauserman, Inc.*, 126 F.3d 811 (6th Cir.1997) has articulated the test for determining administrative priority as

> the well-accepted 'benefit to the estate' test, which states that a debt qualifies as an 'actual, necessary' administrative expense only if (1) it arose from a transaction with the bankruptcy estate and (2) directly and substantially benefitted the estate. *Employee Transfer Corp. v. Grigsby (In re White Motor Corp.)*, 831 F.2d 106, 110 (6th Cir.1987) (citing *In re Mammoth Mart, Inc.*, 536 F.2d 950 (1st Cir.1976) and *Matter of Jartran, Inc.*, 732 F.2d 584 (7th Cir.1984)). The benefit to the estate test limits administrative claims to those where the consideration for the claim was received during the post-petition period.

At 816. The court went on to say that "it is an absolute requirement for administrative expense priority that the liability at issue arise post-petition." At 817. *See also In re Economy Lodging Systems, Inc.*, 234 B.R. 691 (6th Cir. BAP 1999), in which the panel upheld the bankruptcy court's finding that the creditor's "postpetition work could not satisfy the test for administrative expense priority set forth by the Sixth Circuit in *Sunarhauserman*, 126 F.3d at 816, because the agreement giving rise to [the creditor's] claim arose prepetition." At 697.

Attempts by Monarch to circumvent the requirements set out above by merely arguing that the debtor received a benefit from the use of its labels post-petition cannot succeed in the face of these stringent requirements. Other circuits have agreed. In *Matter of Jartran, Inc.*, 732 F.2d at 587, the court stated:

> We recognize that the services performed by appellants after the closing date, and after the filing of the petition, were significant and of value to Jartran. However, appellants do not allege that Jartran, after the filing of the petition, requested that appellants continue work on ads for which the closing date had passed. Nor is it claimed that Jartran

had a duty to take affirmative steps to prevent [the creditor] from engaging in post-petition performance. Thus, it was the pre-petition Jartran and not Jartran as debtor-in-possession that *induced* appellants to perform these services. To serve the policy of the priority, inducement of the creditor's performance *by the debtor-in-possession* is crucial to a claim for administrative priority in the context of the furnishing of goods or services to the debtor.

Relying on this decision, the court in *In re A. Marcus Co.*, 64 B.R. 207, 209 (N.D.Ill. 1986), held that post-petition delivery of goods under a pre-petition contract was insufficient to transform it into a post-petition contract with the debtor-in-possession. In short, there is simply no support for Monarch's position, and its administrative expense claim must be rejected.

An order in conformity with this opinion will be entered separately.